**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA PANAMA CITY DIVISION**

EARL CRAFT, JR.,

Plaintiff,

v. Case No. 5:26-cv-211-MW-MJF

CENTURION OF FLORIDA, LLC, *et al.*,

Defendants.
____________________________________/

## REPORT AND RECOMMENDATION

Plaintiff has filed an amended complaint under 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. Docs. 7 & 8. Because Plaintiff has incurred three "strikes" and is barred by 28 U.S.C. § 1915(g) from proceeding *in forma pauperis*, the District Court should dismiss this case.

### BACKGROUND

Plaintiff is an inmate in the custody of the Florida Department of Corrections ("FDC"). Doc. 7 at 7.

On June 29, 2026, Plaintiff commenced this civil action while he was housed at Graceville Correctional Facility. Doc. 1 at 2. Plaintiff currently is confined at the Blackwater Correctional Facility. Doc. 7 at 2. Plaintiff's Inmate Number is "R25059." *Id.*

In his amended complaint, Plaintiff asserts that between January 2024 and an unspecified date in 2025, medical staff at the Central Reception Center, the Franklin Correctional Institution, and the Mayo Correctional Institution, provided wound care for an infected wound on Plaintiff's leg. Doc. 7 at 8. Plaintiff alleges that these treatments were ineffective. *Id.* at 9.

In an attempt to invoke the imminent danger exception, Plaintiff makes a single conclusory allegation that he still is dealing with the same wound. *Id.* at 10. Plaintiff, however, alleges no facts regarding his current medical care, the condition of his wound, or any other facts that support his claim of imminent danger.

## Discussion

Under the so-called "three-strikes rule" in 28 U.S.C. § 1915(g), a prisoner is prohibited from proceeding *in forma pauperis* if the prisoner previously filed three or more actions that were dismissed for frivolity, maliciousness, or failure to state a claim. 28 U.S.C. § 1915(g). A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer*, 284 F.3d

1234, 1236 (11th Cir. 2002; *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001).

Plaintiff has incurred *at least* three strikes under section 1915(g):

- *Craft v. Boshek*, No. 8:21-cv-2056-SDM-AAS (M.D. Fla.) (civil rights action dismissed for failure to state a claim);

- *Craft v. Boshek*, No. 8:23-cv-2877 (M.D. Fla.) (civil rights action dismissed for failure to state a claim); and

- *Craft v. Boshek*, No. 8:26-cv-1146-JLB-LSG (M.D. Fla.) (civil rights action dismissed for failure to state a claim).

Plaintiff was incarcerated at the time he filed each of these cases, and each of these cases are attributable to Plaintiff. These cases, therefore, qualify as “strikes” under § 1915(g).

Because Plaintiff has incurred *at least* three strikes, Plaintiff may not litigate this case *in forma pauperis* unless he shows that he is “under imminent danger of serious physical injury.” 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004). To fall within this exception, Plaintiff’s complaint must include “specific, credible allegations of imminent danger of serious physical harm.” *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (quotation omitted). General allegations are insufficient to invoke section 1915(g)’s exception. *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). Furthermore, allegations of past harm are not sufficient to invoke

1915(g)'s exception. *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999); *Abdullah v. Migoya*, 955 F. Supp. 2d 1300, 1307 (S.D. Fla. 2013).

The failure to treat medical conditions can, under certain circumstances, satisfy the imminent danger exception. *See e.g., Brown*, 387 F.3d at 1350 (prisoner satisfied imminent danger exception where he alleged prison officials had withdrawn treatment for his HIV and hepatitis, and thus he suffered severe ongoing complications, was more susceptible to various illnesses, and his condition would rapidly deteriorate); *Smith v. Ward*, 848 F. App'x 853, 858 (11th Cir. 2021) (prisoner satisfied imminent danger exception where he alleged his chronic hepatitis C had caused sores throughout his body, fatigue, vomiting, pain in the liver area, jaundice of skin and eyes, loss of appetite, hemorrhaging, and deterioration of other bodily organs, such that he was imminently threatened with danger without further treatment); *Wright*, 817 F. App'x at 729 (prisoner satisfied imminent danger exception where he alleged near total withdrawal of medical care in that warden and deputy warden deprived him of his medications upon arrival at prison while medical staff failed to treat him for open wounds, a broken hand, and a gum infection). But in each of these cases, the relevant plaintiff

provided specific allegations about the nature of the untreated medical condition and the specific health threat that it posed to the plaintiff.

Here, in contrast, Plaintiff states that in January 2024, he had a wound on his leg. Between 2024 and 2025, Plaintiff concedes that at least two of the Defendants provided treatment for Plaintiff, which included excising the wound and providing wound care. Doc. 7 at 8 ¶ 2, 9 ¶ 4. Although Plaintiff alleges these treatments were ineffective, a disagreement about the medical treatment provided does not establish the imminent danger exception. *Medberry*, 185 F.3d at 1193 (stating that allegations concerning ongoing medical care (as opposed to the complete withdrawal of medical care) are insufficient to satisfy § 1915(g)).

Furthermore, although Plaintiff alleges specific facts regarding his treatment in 2024 and 2025, Plaintiff fails to include any allegations about the treatment he received after 2025. That is, Plaintiff's complaint fails to allege *any facts* that suggest at the time he commenced this suit on June 29, 2026, Graceville Correctional staff denied him all treatment for this wound. Nor does he allege that the denial of all treatment for the wound posed an imminent danger of serious physical injury. *See Skillern v. Paul*, 202 F. App'x 343, 344 (11th Cir. 2006) (holding no imminent danger where appellant claimed he was not receiving medication but did

not describe his condition or the potential risks). Plaintiff's allegation, therefore, fail to establish the imminent danger exception. Accordingly, Plaintiff is barred from proceeding *in forma pauperis*, and the District Court should deny Plaintiff's motion to proceed *in forma pauperis* and dismiss this civil action.

## CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DENY** the motion for leave to proceed *in forma pauperis*.

2. **DISMISS** this action without prejudice to Plaintiff initiating a new case accompanied by payment of the $405.00 fee in its entirety.

3. **DIRECT** the clerk of the court to close this case file.

At Panama City, Florida, this 15th day of October 2026.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to a magistrate judge to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's**

**internal use only and does not control. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**